ROBB, J.,
concurring in result.
[16] I respectfully concur in the majority’s determination that the trial court did not abuse its discretion in denying Howe’s petition to modify the conditions of his probation, but I do so for reasons entirely different than the majority.
[17] Howe was sentenced to a term of years with ten years suspended to probation and as a special condition of probation, the trial court ordered that Howe not have contact with “the victims” of his crime. Record on Appeal at 8. Indiana Code section 35-38-2-2.3(a)(18) allows a trial court to impose as a condition of probation that the defendant refrain from contact with “an individual.” In general, I would agree *216 that the language of this statute could allow such an order -with respect to someone who witnessed a crime even if not a direct target of it. Compare Ind.Code § 35-38-2-2.S(a)(18) (referencing a no-contact order as to “an individual”) with Ind. Code § 35-40^-8 (defining a “victim” for purposes of the victim rights statute as “a person that has suffered harm as a result of a crime that was perpetrated directly against the person.”). I would not agree, however, that this specific order encompasses M. During the sentencing hearing, this term was discussed at some length:
[[Image here]]
THE COURT: Well, from what I — I can see in this, they ... really don’t want you around uh, when you uh, get out....
DEFENDANT: Yes.
* * *
THE COURT: I’d say you might respect their wishes in that regard. Okay?
DEFENDANT: Yes.
THE COURT: The ... Court can uh, impose that uh, if ... you want, that, that just be a condition of your probation.
THE STATE: Judge, I — that was supposed to be in the Plea Agreement, I think. [Defense counsel] and I agreed to that.
[DEFENSE COUNSEL]: That’s no problem to have a condition to ... stay away from [M.’s grandmother] and [M. ’s mother] ....
* * *
THE COURT: ... And you would agree to that, to be a special condition of probation after you’re out, correct? DEFENDANT: That’s fine....
THE COURT: All right. So, that — that would uh, if you’re willing to accept that as a — condition of probation, we’ll — we’ll put that in there.
Hopefully that will be better for the family.
DEFENDANT: That’s fine.
THE COURT: During those ten years. DEFENDANT: That’s fine.
THE COURT: All right. The uh, the sentence is uh, is the fifty-two years uh, of which ten is suspended and — and the ten years on probation. And, so, that can be ten years over your head with that special condition of probation.
[18] Record on Appeal at 19-21 (emphasis added). M. was never mentioned during this discussion, and I would extrapolate from this that the trial court’s use of the word “victims” encompassed only M.’s grandmother and mother who were the only individuals discussed.[2]
[19] Regardless of whether M. could be “an individual” protected by a no-contact order issued a condition of probation in general or whether the trial court intended to include M. within the term “victims” for purposes of this specific no-contact order, I believe the no-contact order is effective only while Howe is on probation, which will not begin until 2023 at the earliest. The no-contact order was entered pursuant to the authorization of Indiana Code section 35-38-2-2.3(18) as a condition of Howe’s probation. I acknowledge the line of cases cited by the majority holding that a defendant’s “probationary period” begins immediately upon sentencing, see op. at ¶ 9, and I do not dispute that Howe is in his “pro *217 bationary period.” However, I do not believe that is necessarily the end of the inquiry.[3]
[20] Many of the conditions of probation authorized by section 35-38-2-2.3 are conditions that would be relevant or appropriate only while the person was actually “on probation” — i.e., no longer incarcerated. See, e.g., Ind.Code § 35-38-2-2.3(3) (“[a]ttend or reside in a facility established for the instruction, recreation, or residence of persons on probation.”); Ind.Code § 35-38-2-2.3(9) (“[r]efrain from possessing a firearm or other deadly weapon-”); Ind.Code § 35-38-2-2.3(12) (“[r]emain within the jurisdiction of the court_”); see also Gardner, 678 N.E.2d at 401 n. 7 (noting there are some conditions of probation that are not applicable during an executed term and are therefore not amenable to prospective violation, such as the standard condition of probation that a defendant report to his or her probation officer, which would be both difficult and impractical while the defendant is incarcerated).
[21] Here, I believe the specific terms under which the no-contact order was imposed make it, like the conditions cited above, applicable only when Howe is actually serving his probation. The trial' court made clear its intention for the no-contact order to apply only after Howe left DOC during the sentencing hearing as reflected in the portion of the hearing quoted above. M.’s mother’s statement to the court in response to Howe’s motion reflects her understanding of that, as well. See Record on Appeal at 34 (“There is also a no contact order after he gets released in 2023 for 10 yrs.”). The majority notes that Howe received letters from the probation department after he sent M. a birthday card informing him he was not allowed to have contact with the victims of his crime and also informing him that “it was the Court’s opinion that any children would be included in the no contact order [and the order] will remain in effect until probation ends.” Op. at ¶ 3. If the probation department consulted the trial court regarding the no-contact order before sending those letters, I first note that the trial court cannot change the scope and duration of the written order by simply stating at a later date that it actually intended something else. I further note that if that is what happened, the probation department engaged in an inappropriate ex parte conversation with the trial court. And if the probation department acted on its own, it should not have asserted its own interpretation of the order under the guise of the trial court’s authority. Accordingly, irrespective of what the probation department asserted in its letters, I believe Howe is not subject to the terms of the no-contact order until he is released from DOC.
[22]As further support for my position, I note that the trial court was authorized by Indiana Code section 35-38-2-2.3 to impose a no-contact order as a condition of Howe’s probation, but there was no similar provision authorizing a no-contact order to be imposed as part of an executed sentence until Indiana Code section 35-38-1-30 was enacted in 2008. If a no-contact order imposed under section 35-38-2-2.3 covered the “probationary period,” there would have been no need to add section 35-38-1-30 to specifically cover the executed term.[4]
*218 [23] It is because Howe is not yet serving probation, however, that I agree with the majority that the trial court did not abuse its discretion in denying Howe’s motion to modify its terms. As of now, there is nothing to modify.

. Because the statute authorizes a no-contact order as to “an individual” (subject to our caselaw requiring the individual have some nexus to the crime), this confusion could have been avoided if the trial court had entered a more specific order, naming the individuals with whom Howe was prohibited contact rather than using a generic term open to interpretation.

. Moreover, I note these cases concern the interpretation of “probationary period” and the prospective revocation of probation pursuant to Indiana Code section 35-38-2-3, which is not (yet) the procedural posture of this case.

. I leave for another day discussion of whether and to what extent section 35-38-1-30 *218 would authorize the addition of a no-contact order to sentences that were imposed prior to its enactment, although I acknowledge the incongruity in Howe having no restrictions in this regard for the better part of twenty years, followed by ten years in which he is restricted from contact with certain people. I simply note that a no-contact order is not a condition of Howe’s executed sentence, and Howe is not subject to this special condition of probation when he is not yet on probation.